UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BARBARA PASTERNACK, on behalf of
Herself and all others similarly situated,

                        Plaintiff,

      - against -

MAXIM GROUP LLC,

                 Defendant.
-------------------------------------------------------------

09 Civ. 5579 ( SHS) ECF CASE

**CLASS ACTION COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of herself and other similarly situated current and former employees of Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are: (i) entitled to unpaid wages from Defendant for work performed which they received neither compensation nor received overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains on behalf of herself and a class of other similarly situated current and former employees of Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for: (i) work performed for which they received no compensation; (ii) overtime work for which they did not receive overtime premium pay as required by New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor regulations; and (iii) for unlawful deductions pursuant to New York Labor Law § 193.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§1331 and 1332, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and supplemental jurisdiction of state law claims.   This is a putative class action in which:  (i) there are 100 or more members of Plaintiffs' proposed class; (ii) at least some member of the proposed class have a different citizenship from Defendant; and (iii) the claims of the proposed class members exceed $5,000,000 in the aggregate.

5.     Venue is proper under 28 U.S.C §1391 (b)(1) and §1391(c) because Defendant does business in this judicial district and some of the complained-of conduct occurred in this judicial district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7.     Named Plaintiff BARBARA PASTERNACK ("PASTERNACK" or "Named Plaintiff") is an individual residing in the State of New Jersey.

8.     Defendant MAXIM GROUP LLC ("MAXIM") is a New York limited liability corporation with its principal place of business in New York City, New York. MAXIM does business in various states, including but not limited to New York, New Jersey, Florida, Maryland and Illinois.

2

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

9.    Named Plaintiff bring this action on behalf of herself as well as the following classes: (i) The "Federal Collective Group" consists of all individuals who were employed as brokers and broker trainees (collectively "Covered Positions") from the date that is three years preceding the filing and who file a consent to join this action pursuant to 29 U.S.C. § 216(b); and (ii) The "New York State Class" consists of all individuals who were employed in Covered Positions in the State of New York at any time from six years preceding the filing and who to not choose to "opt-out" of this action.

10.    Named Plaintiff is informed and believes and thereon allege that each class and collective group consists of over 500 members so that joinder of the individual members is impractical.

11.    Each class and collective group shares common issues of law and fact, which predominate over individual issues. These common issues include, but are not limited to, the following:

A.    MAXIM's policies and practices regarding the payment of overtime to class and collective group members;

B.    MAXIM's policies and practices regarding the payment of commissions and/or salaries to class and collective group members;

C.    The reasons why MAXIM classified the class and collective group members as exempt;

D.    The steps MAXIM took, if any, to determine whether the class and collective group members were properly classified as exempt;

E.    The duties and responsibilities of class and collective group members;

3

F.   The nature of MAXIM's business, including whether MAXIM qualifies as a "retail or service establishment;"

G.   MAXIM's policies and practices regarding the deduction of business-related expenses from the class and collective group members' commissions;

H.   Whether the deduction of business-related expenses from commissions violates applicable state laws;

I.   Whether MAXIM's alleged misclassification of the class and collective group members was willful, entitling plaintiffs to liquidated damages and penalties; and

J.   Whether MAXIM's alleged wrongful deduction of business-related expenses from commissions was willful, entitling plaintiffs to liquidated damages and penalties.

12.   Named Plaintiff's claims are typical of the other class and collective group members. Named Plaintiff and the other class and collective group members were injured by MAXIM's company-wide business practices regarding the payment of overtime and the deduction of business-related expenses.

13.   Named Plaintiff will adequately represent the interests of the class and collective group members. Named Plaintiff has retained counsel who is well-qualified to handle lawsuits of this type. Named Plaintiff has no interests that are adverse to those of the class and collective group members.

14.   Litigating these claims in a single action is superior to other methods for redressing these claims. Because the size of claims is relatively small, few if any class and collective group members could afford to pursue their claims on an individual basis. In addition, litigating these claims in a single action would streamline discovery, would avoid needless repetition of evidence at trial and avoid the risk of inconsistent verdicts.

4

<u>FACTS</u>

15.    MAXIM is an investment banking, securities and investment management firm. Maxim provides an array of financial services including: investment banking, equity research, private wealth management, structured products, and global institutional equity, fixed-income and derivative sales & trading to a diverse range of corporate clients, institutional investors and high net worth individuals.

16.    Named Plaintiff has been employed as a broker for MAXIM, or its predecessors, since 1989.

17.    Named Plaintiff was paid based solely on commissions.

18.    Named Plaintiff was responsible for her own cost of generating business. Business costs for which Brokers were responsible included, but were not limited to, entertainment of customers, sales assistants, procuring lists of leads, transportation, telephone and cable television service.

19.    Brokers' commissions were also subject to deductions, including but not limited to, for trade errors.

20.    Broker trainees were paid less than $455 per week.

21.    Broker and broker trainees regularly worked more than forty hours in each work week and were not paid overtime for such work.

22.    Throughout the time of Named Plaintiff's employment with Defendant and, upon information and belief, both before and after that time and continuing until today, MAXIM has likewise employed other individuals, like Named Plaintiff, in the position of broker and/or broker trainee.

23.    Such individuals have worked in excess of 40 hours a week, yet MAXIM has failed

to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and New York Labor Law. The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

24.    Throughout all relevant time periods, upon information and belief, and during the course of Named Plaintiff's own employment, while MAXIM employed the Named Plaintiff, MAXIM failed to maintain accurate or sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
Failure to Pay Overtime to the Federal Collective Group
(Violation of FLSA, 29 U.S.C. § 201 *et seq.*)

25.    Named Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

26.    Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any work week is engaged
> in commerce or in the production of goods for commerce, for a work
> week longer than forty hours unless such employee receives
> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

27.    Section 207(i) of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this
> section – the mandate to compensate employees for overtime] by
> employing any employee of a retail or service establishment for a
> workweek in excess of the applicable work week specified therein, if
> (1) the regular rate of pay of such employee is in excess of one and
> one-half times the minimum hourly rate applicable to him under

6

> section 6 [29 U.S.C. § 206], and (2) more than half his compensation
> for a representative period (not less than one month) represents
> commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

28.    The Section 207(i) exemption does not apply to the Federal Collective Group herein because MAXIM does not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(1) exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... security dealers." *Id.*

29.    Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or
> professional capacity (including any employee employed in the
> capacity of academic administrative personnel or teacher in
> elementary or secondary school), or in the capacity of outside
> salesman (as such terms are defined and delimited from time to time
> by regulations of the Secretary, subject to the provisions of the
> Administrative Procedure Act [5 U.S.C. §§ 551 et se q.] except than
> [sic] an employee of a retail or service establishment shall not be
> excluded from the definition of employee employed in a bona fide
> executive or administrative capacity because of the number of hours
> in his work week which he devotes to activities not directly or
> closely related to the performance of his executive or administrative
> activities, if less than 40 per centum of his hours worked in the work
> week are devoted to such activities).

29 U.S.C. § 213(a)(l) (2005) (emphasis added).

30.    The professional exemption does not apply to the Named Plaintiff or to the members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather

7

than at any institution of higher learning.

31.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Collective Group hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of MAXIM.

32.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither Named Plaintiff nor the members of the Federal Collective Group were, or are, outside salespersons because Named Plaintiff and the other members of the Federal Collective Group were employed at the MAXIM's places of business.

33.    The Section 213(a)(1) exemption for executive employees does not apply to members of the Federal Collective Group since they are not responsible for the supervision of at least two employees of MAXIM, they are not paid on a salary basis, and their primary duty is not management.

34.    The Section 213(a)(l) exemption for administrative employees does not apply to members of the Federal Collective Group since they are not paid on a salary basis and their primary duty is not administrative in nature.

35.    There are no other exemptions applicable to Named Plaintiff and/or to members of the Federal Collective Group.

8

36.    For purposes of the Fair Labor Standards Act, the employment practices of MAXIM were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

37.    Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week but did not receive overtime pay.

38.    In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, MAXIM acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to Named Plaintiff and members of the Federal Collective Group.

39.    As a result of MAXIM's failure to pay overtime, Named Plaintiff and the members of the Federal Collective Group were damaged in an amount to be proved at trial.

40.    Therefore, Named Plaintiff demands that she and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

SECOND CLAIM FOR RELIEF
Failure to Pay Overtime to the New York State Class
(Violation of 12 NYCRR § 142-2.2)

41.    Named Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

42.    12 NYCRR § 142-2.2 (2005), provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2] 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as Amended, provided, however that the exemptions set forth in Section [2] 13(a)(2) and [2] 13 (a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section [2] 13 of the Fair Labor Standards Act, as Amended,

9

> except employees subject to Section [2] 13(a)(4) of such Act,
> overtime at a wage rate of one and one-half time the basic minimum
> hourly rate.

43. New York law requires the payment of overtime compensation at one-and-one-half times the regular rate for all hours worked in excess of 40 hours a week.

44. New York law exempts from these overtime premium pay requirements certain "white collar" employees employed in a *bone fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

45. The members of the New York State Class, either regularly or from time to time, work and/or worked more than 40 hours per week without receiving overtime pay.

46. The members of the New York State Class do not fall within any exemption from overtime under New York law.

47. Therefore, Named Plaintiff demands that the members of the New York State Class be paid overtime compensation as required by New York law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## THIRD CLAIM FOR RELIEF
### Impermissible Deductions from Wages of the New York State Class
### (Violation of N.Y. Lab. Law § 193)

48. Named Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth in full herein.

49. New York Labor Law § 193 provides:

Deductions from wages:

1. No employer shall make any deductions from the wages of an employee, except deductions which:

a. are made in accordance with the provisions

of any law or any rule or regulation issued by any governmental agency; or

b.    are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2.    No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law § 193 (Consol. 2004).

50.    Thus, Section 193 prohibits deductions from employees' wages unless the deductions are: (1) "expressly authorized" by and "for the benefit of the employee;" and (2) are limited to the enumerated categories of permissible deductions.

51.    Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1) (Consol. 2004).

52.    MAXIM took unlawful deductions from the wages paid to Named Plaintiff and the New York State Class for expenses which were, as a matter of law, the employer's overhead expenses, including without limitation: (a) amounts paid to support staff; and (b) losses due to "broken trades."

53.    The described deductions violate N.Y. Lab. Law §193 because they are neither for the benefit of the employee nor of a similar type to the deductions allowable under the statute.

54.    Therefore, the members of the New York State Class demand reimbursement for all deductions, expenditures, or losses deducted or incurred in violation of N.Y. Lab. Law § 193, plus

interest and attorneys' fees as provided by law.

PRAYER

WHEREFORE, Named Plaintiff demands judgment against MAXIM in her favor and in favor of the class and collective group members described herein as follows:

1. For compensatory damages according to proof;

2. For restitution of all amounts wrongfully withheld by MAXIM, according to proof;

3. For an order temporarily, preliminarily, and permanently enjoining and restraining MAXIM from engaging in similar unlawful conduct as described herein;

4. For an order requiring MAXIM to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiffs and the other members of each class and collective group;

5. For imposition of a constructive trust upon the assets of MAXIM to the extent of the sums due to plaintiffs and to the other members of each class and collective group;

6. For declaratory relief, including declarations setting forth the rights of the class and collective group members and MAXIM's violations of those rights;

7. For interest as provided by law;

8. For reasonable attorney's fees and costs of suit;

9. For additional penalties, liquidated damages, and other forms of relief as provided by law (except that no penalties, statutory or otherwise, or liquidated or punitive damages of any kind under New York law are sought in this action, and instead such claims are expressly waived); and

10. For such other relief that the Court deems proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury for all matters so triable.

Dated: New York, New York
      June 17, 2009

**WECHSLER & COHEN, LLP**

Todd A. Gutfleisch (TAG 5905)
Attorneys for Plaintiff
17 State Street, 15th Floor
New York, New York 10004
(212) 847-7900
tgutfleisch@wechco.com

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA PASTERNACK, on behalf of
Herself and all others similarly situated,

                         Plaintiff,

            - against -

MAXIM GROUP LLC,

                   Defendant.
------------------------------------------------------------

09 Civ. 5579 ( SHS) ECF CASE

**CLASS ACTION COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

## NATURE OF THE ACTION

     1.     Plaintiff alleges on behalf of herself and other similarly situated current and former employees of Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are: (i) entitled to unpaid wages from Defendant for work performed which they received neither compensation nor received overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

     2.     Plaintiff further complains on behalf of herself and a class of other similarly situated current and former employees of Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for: (i) work performed for which they received no compensation; (ii) overtime work for which they did not receive overtime premium pay as required by New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor regulations; and (iii) for unlawful deductions pursuant to New York Labor Law § 193.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

09   CV   5579

------------------------------------------------------------X

BARBARA PASTERNACK, on behalf of
Herself and all others similarly situated,

                           Plaintiff,

        - against -

MAXIM GROUP LLC,

                     Defendant.

------------------------------------------------------------

09 Civ. _____ ( )

**CLASS ACTION COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

RECEIVED
JUN 17 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of herself and other similarly situated current and former employees of Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are: (i) entitled to unpaid wages from Defendant for work performed which they received neither compensation nor received overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff further complains on behalf of herself and a class of other similarly situated current and former employees of Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for: (i) work performed for which they received no compensation; (ii) overtime work for which they did not receive overtime premium pay as required by New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor regulations; and (iii) for unlawful deductions pursuant to New York Labor Law § 193.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§1331 and 1332, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and supplemental jurisdiction of state law claims.   This is a putative class action in which:  (i) there are 100 or more members of Plaintiffs' proposed class; (ii) at least some member of the proposed class have a different citizenship from Defendant; and (iii) the claims of the proposed class members exceed $5,000,000 in the aggregate.

5.     Venue is proper under 28 U.S.C §1391 (b)(1) and §1391(c) because Defendant does business in this judicial district and some of the complained-of conduct occurred in this judicial district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7.     Named Plaintiff BARBARA PASTERNACK ("PASTERNACK" or "Named Plaintiff") is an individual residing in the State of New Jersey.

8.     Defendant MAXIM GROUP LLC ("MAXIM") is a New York limited liability corporation with its principal place of business in New York City, New York. MAXIM does business in various states, including but not limited to New York, New Jersey, Florida, Maryland and Illinois.

2

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

9. Named Plaintiff bring this action on behalf of herself as well as the following classes: (i) The "Federal Collective Group" consists of all individuals who were employed as brokers and broker trainees (collectively "Covered Positions") from the date that is three years preceding the filing and who file a consent to join this action pursuant to 29 U.S.C. § 216(b); and (ii) The "New York State Class" consists of all individuals who were employed in Covered Positions in the State of New York at any time from six years preceding the filing and who to not choose to "opt-out" of this action.

10. Named Plaintiff is informed and believes and thereon allege that each class and collective group consists of over 500 members so that joinder of the individual members is impractical.

11. Each class and collective group shares common issues of law and fact, which predominate over individual issues. These common issues include, but are not limited to, the following:

A. MAXIM's policies and practices regarding the payment of overtime to class and collective group members;

B. MAXIM's policies and practices regarding the payment of commissions and/or salaries to class and collective group members;

C. The reasons why MAXIM classified the class and collective group members as exempt;

D. The steps MAXIM took, if any, to determine whether the class and collective group members were properly classified as exempt;

E. The duties and responsibilities of class and collective group members;

3

F.    The nature of MAXIM's business, including whether MAXIM qualifies as a "retail or service establishment;"

G.    MAXIM's policies and practices regarding the deduction of business-related expenses from the class and collective group members' commissions;.

H.    Whether the deduction of business-related expenses from commissions violates applicable state laws;

I.    Whether MAXIM's alleged misclassification of the class and collective group members was willful, entitling plaintiffs to liquidated damages and penalties; and

J.    Whether MAXIM's alleged wrongful deduction of business-related expenses from commissions was willful, entitling plaintiffs to liquidated damages and penalties.

12.    Named Plaintiff's claims are typical of the other class and collective group members. Named Plaintiff and the other class and collective group members were injured by MAXIM's company-wide business practices regarding the payment of overtime and the deduction of business-related expenses.

13.    Named Plaintiff will adequately represent the interests of the class and collective group members. Named Plaintiff has retained counsel who is well-qualified to handle lawsuits of this type. Named Plaintiff has no interests that are adverse to those of the class and collective group members.

14.    Litigating these claims in a single action is superior to other methods for redressing these claims. Because the size of claims is relatively small, few if any class and collective group members could afford to pursue their claims on an individual basis. In addition, litigating these claims in a single action would streamline discovery, would avoid needless repetition of evidence at trial and avoid the risk of inconsistent verdicts.

## FACTS

15.    MAXIM is an investment banking, securities and investment management firm. Maxim provides an array of financial services including: investment banking, equity research, private wealth management, structured products, and global institutional equity, fixed-income and derivative sales & trading to a diverse range of corporate clients, institutional investors and high net worth individuals.

16.    Named Plaintiff has been employed as a broker for MAXIM, or its predecessors, since 1989.

17.    Named Plaintiff was paid based solely on commissions.

18.    Named Plaintiff was responsible for her own cost of generating business. Business costs for which Brokers were responsible included, but were not limited to, entertainment of customers, sales assistants, procuring lists of leads, transportation, telephone and cable television service.

19.    Brokers' commissions were also subject to deductions, including but not limited to, for trade errors.

20.    Broker trainees were paid less than $455 per week.

21.    Broker and broker trainees regularly worked more than forty hours in each work week and were not paid overtime for such work.

22.    Throughout the time of Named Plaintiff's employment with Defendant and, upon information and belief, both before and after that time and continuing until today, MAXIM has likewise employed other individuals, like Named Plaintiff, in the position of broker and/or broker trainee.

23.    Such individuals have worked in excess of 40 hours a week, yet MAXIM has failed

5

to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and New York Labor Law. The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

24.     Throughout all relevant time periods, upon information and belief, and during the course of Named Plaintiff's own employment, while MAXIM employed the Named Plaintiff, MAXIM failed to maintain accurate or sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

FIRST CLAIM FOR RELIEF
Failure to Pay Overtime to the Federal Collective Group
(Violation of FLSA, 29 U.S.C. § 201 *et seq.*)

25.     Named Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

26.     Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

27.     Section 207(i) of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this section – the mandate to compensate employees for overtime] by employing any employee of a retail or service establishment for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under

6

section 6 [29 U.S.C. § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

28.     The Section 207(i) exemption does not apply to the Federal Collective Group herein because MAXIM does not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(1) exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... security dealers." *Id.*

29.     Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §§ 551 et se q.] except than [sic] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(l) (2005) (emphasis added).

30.     The professional exemption does not apply to the Named Plaintiff or to the members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather

7

than at any institution of higher learning.

31.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Although many members of the Federal Collective Group hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of MAXIM.

32.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither Named Plaintiff nor the members of the Federal Collective Group were, or are, outside salespersons because Named Plaintiff and the other members of the Federal Collective Group were employed at the MAXIM's places of business.

33.    The Section 213(a)(1) exemption for executive employees does not apply to members of the Federal Collective Group since they are not responsible for the supervision of at least two employees of MAXIM, they are not paid on a salary basis, and their primary duty is not management.

34.    The Section 213(a)(1) exemption for administrative employees does not apply to members of the Federal Collective Group since they are not paid on a salary basis and their primary duty is not administrative in nature.

35.    There are no other exemptions applicable to Named Plaintiff and/or to members of the Federal Collective Group.

36.   For purposes of the Fair Labor Standards Act, the employment practices of MAXIM were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

37.   Plaintiffs and the other members of the Federal Collective Group, either regularly or from time to time, worked more than 40 hours per week but did not receive overtime pay.

38.   In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, MAXIM acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to Named Plaintiff and members of the Federal Collective Group.

39.   As a result of MAXIM's failure to pay overtime, Named Plaintiff and the members of the Federal Collective Group were damaged in an amount to be proved at trial.

40.   Therefore, Named Plaintiff demands that she and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

SECOND CLAIM FOR RELIEF
Failure to Pay Overtime to the New York State Class
(Violation of 12 NYCRR § 142-2.2)

41.   Named Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

42.   12 NYCRR § 142-2.2 (2005), provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2] 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as Amended, provided, however that the exemptions set forth in Section [2] 13(a)(2) and [2] 13 (a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section [2] 13 of the Fair Labor Standards Act, as Amended,

9

> except employees subject to Section [2] 13(a)(4) of such Act,
> overtime at a wage rate of one and one-half time the basic minimum
> hourly rate.

43.     New York law requires the payment of overtime compensation at one-and-one-half times the regular rate for all hours worked in excess of 40 hours a week.

44.     New York law exempts from these overtime premium pay requirements certain "white collar" employees employed in a *bone fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

45.     The members of the New York State Class, either regularly or from time to time, work and/or worked more than 40 hours per week without receiving overtime pay.

46.     The members of the New York State Class do not fall within any exemption from overtime under New York law.

47.     Therefore, Named Plaintiff demands that the members of the New York State Class be paid overtime compensation as required by New York law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### THIRD CLAIM FOR RELIEF
Impermissible Deductions from Wages of the New York State Class
(Violation of N.Y. Lab. Law § 193)

48.     Named Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth in full herein.

49.     New York Labor Law § 193 provides:

Deductions from wages:

1.     No employer shall make any deductions from the
wages of an employee, except deductions which:

      a.     are made in accordance with the provisions

of any law or any rule or regulation issued by any governmental agency; or

        b.    are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

        2.    No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law § 193 (Consol. 2004).

50.    Thus, Section 193 prohibits deductions from employees' wages unless the deductions are: (1) "expressly authorized" by and "for the benefit of the employee;" and (2) are limited to the enumerated categories of permissible deductions.

51.    Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1) (Consol. 2004).

52.    MAXIM took unlawful deductions from the wages paid to Named Plaintiff and the New York State Class for expenses which were, as a matter of law, the employer's overhead expenses, including without limitation: (a) amounts paid to support staff; and (b) losses due to "broken trades."

53.    The described deductions violate N.Y. Lab. Law §193 because they are neither for the benefit of the employee nor of a similar type to the deductions allowable under the statute.

54.    Therefore, the members of the New York State Class demand reimbursement for all deductions, expenditures, or losses deducted or incurred in violation of N.Y. Lab. Law § 193, plus

interest and attorneys' fees as provided by law.

PRAYER

.WHEREFORE, Named Plaintiff demands judgment against MAXIM in her favor and in favor of the class and collective group members described herein as follows:

1.    For compensatory damages according to proof;

2.    For restitution of all amounts wrongfully withheld by MAXIM, according to proof;

3.    For an order temporarily, preliminarily, and permanently enjoining and restraining MAXIM from engaging in similar unlawful conduct as described herein;

4.    For an order requiring MAXIM to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiffs and the other members of each class and collective group;

5.    For imposition of a constructive trust upon the assets of MAXIM to the extent of the sums due to plaintiffs and to the other members of each class and collective group;

6.    For declaratory relief, including declarations setting forth the rights of the class and collective group members and MAXIM's violations of those rights;

7.    For interest as provided by law;

8.    For reasonable attorney's fees and costs of suit;

9.    For additional penalties, liquidated damages, and other forms of relief as provided by law (except that no penalties, statutory or otherwise, or liquidated or punitive damages of any kind under New York law are sought in this action, and instead such claims are expressly waived); and

10.    For such other relief that the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury for all matters so triable.

Dated: New York, New York
      June 17, 2009

**WECHSLER & COHEN, LLP**

Todd A. Gutfleisch (TAG 5905)
Attorneys for Plaintiff
17 State Street, 15th Floor
New York, New York 10004
(212) 847-7900
tgutfleisch@wechco.com

13