

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/09

**PROSKAUER ROSE LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
Lawrence R. Sandak, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

BOCA RATON
BOSTON
CHICAGO
HONG KONG
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
PARIS
SÃO PAULO
WASHINGTON

Lawrence R. Sandak
Member of the Firm

Direct Dial 973.274.3256
lsandak@proskauer.com

**RECEIVED JUL 21 2009 CHAMBERS OF JUDGE SIDNEY H. STEIN U.S.D.J.**

July 21, 2009

**Via Facsimile**

The Honorable Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: Pasternack v. Maxim Group LLC, 09 Civ. 5579 (SHS)

Your Honor:

We represent Defendant Maxim Group LLC ("Maxim" or "Defendant") in the above-referenced action. We write in regard to plaintiffs' motion to "certify" a collective action pursuant to 29 U.S.C. § 216(b) (including plaintiffs' annexed affidavits and memorandum of law) (the "Motion"). As Your Honor may recall, plaintiffs filed the Motion moments before the July 14, 2009 telephone conference with the Court to discuss plaintiffs' application for Court supervision of Maxim's communications with its employees and other potential class members. In light of Your Honor's July 14, 2009 Order (the "Order"), Maxim respectfully requests that the Motion be held in abeyance until after the August 13, 2009 initial conference referenced in that Order.

To justify their Motion at this early stage (pre-Answer and pre-initial Court conference) plaintiffs express a concern that "Maxim has already attempted, and will likely continue to attempt, to harass its current and former employees into not participating in the action" and therefore ask that the Court act "promptly" in granting the Motion. (Pls' Br. at 2). Following the filing of the Motion, however, Your Honor heard argument from the parties and entered the July 14, 2009 Order which states that "Defendant may continue to communicate with its employees for the purpose of gathering facts. Defendant may not seek affidavits, waivers, releases, or 'opt outs' relating to this litigation until further order of this Court." During the July 14, 2009 conference, Plaintiffs' counsel expressly acknowledged that these measures were adequate to protect plaintiffs' interests. Further, in response to a question from Your Honor, he conceded that the concern expressed in his moving papers was *not* a basis for the certification Motion.

[Handwritten memo endorsement: 7/24/09 Request denied. Initial pretrial conference adjourned from Aug. 13 to Aug. July 30 at 11:30 A.M. Motion held in abeyance in the interim. Sidney H. Stein, USDJ]

**PROSKAUER ROSE LLP**

Honorable Sidney H. Stein, U.S.D.J.
July 21, 2009
Page 2

Plaintiffs' only additional reason for having brought the motion now - - that in the absence of a "certified" collective class, "the claims of these victims [the potential opt-ins] are dying on a daily basis" - - is simply untrue. (Pls' Br. at 1). The FLSA does not specify when opt-in consent forms may or may not be filed; thus, courts permit opt-ins to be filed at any time. *See Coheleach v. Bear, Stearns and Co., Inc.*, 440 F. Supp. 2d 338, 340 (S.D.N.Y. 2006) ("During the eight months this suit has been pending, plaintiff has been free to invite other potential plaintiffs to join his FLSA claim. All potential plaintiffs are registered brokers and many were co-workers of the plaintiff."). Plaintiffs' lawsuit is a matter of public record and, in fact, four individuals have already opted-in to the litigation. Two of these opt-ins left Maxim more than a year ago. Moreover, Defendant has done nothing to preclude or hinder any person from joining this litigation as an opt-in plaintiff.

Of equal importance, Defendant cannot oppose the Motion at this time due to the constraint imposed by the Court's July 14, 2009 Order. In order to adequately oppose the Motion, Maxim will need to prepare and submit affidavits which relate to the allegations raised by plaintiffs. *See Fasanelli v. Heartland Brewery*, 516 F.Supp.2d 317, 321 (S.D.N.Y. 2007) (court must determine based upon the pleadings and affidavits, whether or not the class is appropriate for certification); *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y. 2007) (same). *See also Saxton v. Title Max of Alabama, Inc.*, 431 F.Supp.2d 1185, 1188 (N.D. Ala. 2006) (denied plaintiffs' motion for conditional class certification based, in part, on defendant's submission of affidavits in opposition to plaintiffs' conditional class certification motion). However, Your Honor's Order makes clear that "Defendant may not seek affidavits...relating to this litigation until further order of this Court." As discussed during the July 14 conference, a modification of the Order is warranted and should be addressed at the August 13 conference.

Finally, Your Honor's July 14 Order instructed the Parties to "meet to discuss settlement as well as a proposed schedule for discovery and further proceedings." Defendant's counsel intends to propose to plaintiffs' counsel both a discovery schedule and a briefing schedule on the Motion so that a complete schedule can be presented to and discussed with the Court on August 13. In the interim, we have agreed to discuss settlement as well.

For all of the above reasons, the Court should stay Plaintiffs' Motion, and the deadline for Defendant's opposition thereto, until the August 13 conference at which a briefing schedule can be established. We thank the Court for its attention to this matter.

Respectfully submitted,

*L. Sandak*/sew

Lawrence R. Sandak

**PROSKAUER ROSE LLP**

Honorable Sidney H. Stein, U.S.D.J.
July 21, 2009
Page 3

cc:   Todd A. Gutfleisch, Esq. (via facsimile)